**No. 25-463**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

UNITED STATES OF AMERICA
Plaintiff-Appellee,

v.

GERALD BLAISE, II,
Defendant-Appellant.

---

Appeal from the United States District Court for the
District of Arizona, Phoenix Division

District Court Number 2:21-cr-01028-MTL

—————————————

**APPELLANT'S RESPONSE IN OPPOSITION TO APPELLEE'S MOTION
TO DISMISS THE APPEAL**

—————————————

Brent Evan Newton
Attorney at Law
19 Treworthy Road
Gaithersburg, Maryland 20878
(202) 975-9105
brentevannewton@gmail.com

**Appointed Attorney for Appellant Gerald Blaise, II**

Appellant, Gerald Blaise, II, submits this response in opposition to appellee's motion to dismiss the appeal, which is based on the appellate waiver provision of appellant's plea agreement. A motions panel of this Court should deny appellee's motion – which fails to acknowledge this Court's well-established precedent holding that an appellate waiver does not foreclose a challenge to a guilty plea as involuntary and otherwise lacks merit – and refer this case to a merits panel for plenary consideration of the substantial issues raised in appellant's brief. *See United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994).

## I.   Appellee's Motion to Dismiss Addresses an *Alternative* Argument Made by Appellant and Ignores Appellant's Primary Argument.

Curiously, appellee's motion only addresses appellant's "actual innocence" argument[1] – which explicitly was presented as an *alternative* reason that this Court should address appellant's challenge to his § 922(g)(1) conviction (on the ground that

---

[1] *See* Motion to Dismiss, at 1 ("Enforcing Defendant's appellate waiver will not result in a miscarriage of justice, as his actual innocence claim fails both on the law and in light of his prior affirmations."); *id.* at 2 ("On January 21, 2025, Defendant received the benefit of this bargain: a below-guidelines sentence in accordance with the terms of his plea agreement. (ER 46-47.) Nevertheless, Defendant has appealed and asserts, for the first time on appeal, that he was 'actually innocent' of Count Two. (Op. Br. 9-10.)."); *id.* at 13 ("Defendant claims his appellate waiver should not be enforced as he is 'actually innocent' of the charge. (Op. Br. 9-10.) Defendant's 'actual innocence' claim lacks legal and factual merit and should not serve as a basis to set aside his guilty plea.").

his guilty plea was involuntary), notwithstanding the appellate waiver provision in the plea agreement.[2]

Inexplicably, appellee does not even acknowledge appellant's *primary* argument for why the appellate waiver provision is unenforceable: because appellant's guilty plea to the § 922(g)(1) charge was *involuntary*.[3] By proceeding as if appellant's alternative, "actual innocence" argument were his only argument, appellee fails to acknowledge *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir.1999), and the other cases cited for the same proposition in appellant's brief (despite their citation immediately under the bold-faced heading, "The Waiver-of-

---

[2] *See* Appellant's Opening Brief, at 8-10.

[3] *See* Appellant's Opening Brief, at 9-10 ("Although the plea agreement that appellant signed contains a waiver-of-appeal provision (ER-49), such a waiver does not foreclose his challenge to his guilty plea as involuntary.") (citing *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir.1999); *United States v. Castillo*, 516 Fed. App'x 667, 668 (9th Cir. 2013); and *United States v. Mueller*, 11 Fed. App'x 707, 707 (9th Cir. 2001); and *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).").

As explained in appellant's opening brief, his plea was involuntary because the record reveals that he was led to believe that his good-faith but mistaken belief that his civil rights had been restored when he possessed the firearms did not negate the *mens rea* required for conviction. *See Bousley v. United States*, 523 U.S. 614, 618-19 (1998) ("[P]etitioner contends that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. Were this contention proved, petitioner's plea would be . . . constitutionally invalid.").

Appeal Provision in Appellant's Plea Agreement Does Not Foreclose Appellant's Challenge to His Guilty Plea," on pages 9-10 of appellant's brief).

Following the Seventh Circuit's lead, this Court in *Portillo-Cano* expressly held that: "[W]aivers of appeal must 'stand or fall with the [plea] agreement of which they are a part.' *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995)." *Portillo-Cano*, 192 F.3d at 1250; *accord Castillo*, 516 Fed. App'x at 668; *Mueller*, 11 Fed. App'x at 707 ("An express waiver of appeal is valid if the guilty plea is knowingly and voluntarily made."). Therefore, appellant is permitted to raise an issue on appeal that "implicate[s] the voluntariness of the defendant's plea," notwithstanding a waiver-of-appeal provision in his plea agreement. *Portillo-Cano*, 192 F.3d at 1250; *accord United States v. Mason*, 343 F.3d 893, 894 (7th Cir. 2003) ("A waiver of appeal . . . does not, in every instance, foreclose review. . . . [I]f the plea agreement turns out to be unenforceable, . . . *[because] the plea was involuntary on the part of the defendant*, the waiver falls with the [plea] agreement and the appellant can appeal.") (emphasis added). Therefore, a merits panel of this Court – rather than a motions panel – must address the merits of appellant's challenge to his guilty plea as involuntary. *See United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994).

II. **Appellee's Argument that the Plain-Error Standard of Review Applies to Appellant's Involuntariness Claim Contradicts Well-Established Ninth Circuit Precedent.**

In addressing the applicable standard of review, appellee states: "Defendant's claim that his guilty plea was not made knowingly and voluntarily is subject to plain error review." Motion to Dismiss, at 11. That argument is contrary to *United States v. Carter*, 795 F.3d 947, 950 (9th Cir. 2015) ("Although we review *de novo* whether a defendant entered a plea knowingly and voluntarily, *United States v. Timbana*, 222 F.3d 688, 701 (9th Cir.2000), we apply only plain error review when a defendant appeals based on an unobjected-to Rule 11 procedural violation, *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).").

Despite the fact that appellant cited *Carter* in his opening brief,[4] appellee fails to acknowledge *Carter*, just like appellee failed to acknowledge *Portillo-Cano*, *supra*. In support of its argument that the plain-error standard applies, appellee instead cites *United States v. Jimenez-Dominguez*, 296 F.3d 863, 866-67 (2002)[5] – a case involving a non-constitutional Rule 11 challenge as opposed to a constitutional challenge to a guilty plea as involuntary. *Id.* at 866-67. *See* Motion to Dismiss, at

---

[4] *See* Appellant's Opening Brief, at 8.

[5] In *Jimenez-Dominguez*, this Court held that "a defendant who raises a Rule 11 error for the first time on appeal may obtain reversal predicated upon the violation only by showing that there was plain error." 296 F.3d at 866-67.

5

11. *Jimenez-Dominguez* is clearly inapplicable to appellant's *constitutional* involuntariness claim, which alleges a violation of the Fifth Amendment's Due Process Clause.

Therefore, a merits panel of this Court must engage in *de novo* review of appellant's involuntariness claim.

III. **Appellee's Argument About the Alternative "Actual Innocence" Exception Lacks Merit.**

Appellee's attempt to rebut appellant's *alternative* actual-innocence argument lacks merit. *See* Motion to Dismiss, at 13-18. An actually innocent defendant – even if innocent only "as a legal matter" – is not foreclosed from challenging his conviction despite an appellate waiver provision in the plea agreement. *Williams v. United States*, 568 F. Supp.3d 1115, 1122-23 (W.D. Wash. 2021).

At sentencing, appellant and his attorney clearly stated that appellant in good faith (albeit mistakenly) believed that appellant had a right to possess firearms because his civil rights had been restored. ER-11-20, ER-24. In response, the district court stated:

> I do think it's appropriate, given *what I do want to credit as . . . your good-faith attempts to comply with the law . . . on the gun charge*, and what sounds like might be a victimization of you by your lawyers who did not provide you effective legal counsel.

(ER-33-34) (emphasis added).

Because "[c]onvictions for which civil rights have been restored do not confer 'felon' status for purposes of the felon-in-possession statute, . . . if [a defendant subjectively but erroneously] believed his rights had been restored [and thus that he could lawfully possess a firearm], that could negate scienter" under *Rehaif v. United States*, 588 U.S. 225 (2019). *Gates v. United States*, No. C20-0446-JCC, 2022 WL 2872242, at *1 (W.D. Wash. July 21, 2022); *see also United States v. Robinson*, 982 F.3d 1181, 1186 (8th Cir. 2020) ("After *Rehaif*, it may be that a defendant who genuinely but mistakenly believes that he has had his individual rights restored has a valid defense to a felon-in-possession charge under this provision."); *United States v. Sjodin*, ___ F.4th ___, 2025 WL 1646179, at *7 (10th Cir. June 11, 2025) (suggesting that a defendant who offered proof that he genuinely but mistakenly believed that his civil rights had been restored when he possessed a firearm was not guilty of a § 922(g)(1) charge under the reasoning of *Rehaif*).

Based on the statements of appellant and his counsel, the district court found that appellant had made a "good-faith" attempt to have his civil rights restored before he possessed the firearms. Although appellant was mistaken (i.e., his civil rights had not been restored), his good-faith but mistaken belief negated his *mens rea* under *Rehaif*. Therefore, "as a legal matter," appellant is actually innocent of the firearms offense – which forecloses enforcement of the waiver provision in his plea agreement. *Williams*, 568 F. Supp.3d at 1122-23.

IV.  **Appellee's Argument about the Machine Gun Is a Red Herring.**

This Court should not be misled by appellee's unjustified attempt to prejudice appellant's arguments by focusing on the fact that one of the firearms seized in this case a (Glock pistol modified with a "conversion device") qualified as a "machine gun" under federal law and that possession of a machine gun violates 18 U.S.C. § 922(o) and 26 U.S.C. § 5845(b).  Motion to Dismiss, at 17-18.  As an initial matter, appellee was not charged with nor was he convicted of possession of a machine gun.  Instead, he was charged with and convicted of unlawfully possessing a firearm as a convicted felon.  Furthermore, appellee offers no evidence that appellant *knew* when he possessed the Glock pistol that it had a "conversion device" that qualified the pistol as a "machine gun" under federal law.  And appellee fails to mention that appellant's attorney in the court below explicitly denied that appellant knew at the time that he possessed the Glock pistol that it was equipped with such a conversion device[6] (in response to which appellee offered no evidence to the contrary).  When appellant pleaded guilty to the charge under § 922(g)(1), he admitted to possessing the Glock pistol but did not admit that he knew its conversion device rendered it a fully-automatic firearm.  ER-54, 77.

---

[6] ER-15 ("[O]ne of the[] [firearms that appellant possessed] had the conversion device as well.  He didn't even know what that was.").

An essential element of the charge of illegally possessing a machine gun is subjective knowledge at the time of the possession that the firearm had characteristics that made it operable as a fully-automatic firearm. *Staples v. United States*, 511 U.S. 600 (1994); *see also United States v. Kuzma*, 967 F.3d 959, 973-74 (9th Cir. 2020). Therefore, even if appellant had been charged with possession a machine gun, there is no evidence in the record that he is guilty of that offense.

## V. Appellant's Ineffective-Assistance-of-Counsel Claim Is Not Waived by the Plea Agreement's Waiver Provision.

Appellee also contends that appellant's ineffective-assistance claim lacks merit but does not contend that this claim is waived by the plea agreement. *See* Motion to Dismiss, at 19-20. Therefore, a motions panel of this Court should not dismiss appellant's ineffective-assistance claim. The claim should be addressed by a merits panel. In any event, the existing record supports appellant's claim for the reasons set forth in appellant's opening brief. *See* Appellant's Opening Brief, at 17-18. In particular, appellant's attorney at sentencing erroneously stated that appellant's mistaken but good-faith belief that his civil rights had been restored at the time of his possession of the firearms was not a "defense" (when, as explained in appellant's brief), such a mental state negates the *mens rea* required for conviction under § 922(g)(1). *See* ER-12 ("I have never seen a worse case of mistake of fact [and] law combined together. And I know that those are not a defense."). No "strategic" reason could support that mistaken belief by counsel.

9

## **CONCLUSION**

The involuntariness issue and related ineffective-assistance issue are not foreclosed by the appellate waiver provision in the plea agreement. They also clearly are substantial issues that warrant careful consideration by a merits panel. *See Michlin*, 34 F.3d at 898 ("Because Michlin argued in response to the government's motion that his appeal called into question the validity of the waiver [on the ground that his guilty plea was involuntary], a motions panel of this court [properly] denied the motion to dismiss . . . ."). Therefore, a merits panel of this Court should deny appellee's meritless motion to dismiss and order appellee to file a responsive brief. A merits panel should conduct an oral argument after full briefing.

Dated: June 30, 2025

Respectfully submitted,

*/s/ Brent Evan Newton*
Brent Evan Newton
Attorney for Appellant Gerald Blaise, II

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that: (1) this response complies with the length limits permitted by Ninth Circuit Rule 27-1(d) because it does not exceed 20 pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable; and (2) this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word.

*/s/ Brent Evan Newton*
Brent Evan Newton

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on June 30, 2025, this response to appellee's motion to dismiss the appeal was served on all counsel by the filing of this response via this Court's CM/ECF system.

*/s/ Brent Evan Newton*
Brent Evan Newton